IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-00776-RPM

JOHN J. ROCKEY,

       Plaintiff,

v.

TRANSGUARD INSURANCE COMPANY
OF AMERICA, INC.,

       Defendant.

---

## PROTECTIVE ORDER

---

1. <u>PURPOSES AND LIMITATIONS</u>

       Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action would be warranted. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

2.      DEFINITIONS

2.1     <u>Party</u>:  any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise in the prosecution or defense of this matter.

2.3     <u>Confidential Information or Items</u>:  non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that the Producing Party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.  Materials designated as "Confidential" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(i).

2.4     <u>Protected Material</u>:  Confidential Information or Items as well as copies thereof disclosed or produced by any Party in this litigation (or by any third-party or non-party).  Protected Materials shall not include:  (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any third-party without request for confidential treatment.

2.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material to a Receiving Party in this action.

2.7     <u>Designating Party</u>:  a Producing Party that designates Disclosure or Discovery Material as "Confidential."

2.8     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     <u>In-House Counsel</u>:  attorneys who are employees of a Party.

2.10    <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or specially employed by a Party or its counsel to serve as an expert witness or as a consultant in this action.  However, nothing in this Order precludes any employee of a Party from being designated as or providing expert testimony in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and persons or entities that provide jury or trial consulting services and/or independent contractors and/or their employees and subcontractors hired to assist them.

3.      <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.

4.      DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection  A Designating Party must take care to limit any designation of information or items to specific material that qualifies under the standards set forth above, so that other materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are prohibited.  If it comes to the attention of a Designating Party that information or items that it designated for protection under this Order do not qualify for protection as set forth herein, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or revising the mistaken designation.

5.2      Manner and Timing of Designations  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material.  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the

inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which materials qualify for protection under this Order, then, before producing the specified materials, the Producing Party must affix the appropriate legend "CONFIDENTIAL" on each page that contains Protected Material;

(b)      for testimony given in pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the hearing or other proceeding, all protected testimony.  A Party or non-party that sponsors, offers, or gives deposition testimony has up to fourteen (14) days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought.  All testimony shall be treated as Protected Material until fourteen (14) days after receipt of the official transcript, at which time only those portions of the testimony that are appropriately designated for protection within fourteen (14) days after receipt of the official transcript shall be covered by the provisions of this Order.  Transcripts containing Protected Material must have affixed by the court reporter to the top of the transcript the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(c)      for documents produced electronically in native format, that the Producing Party either:  (1) attach a cover sheet bearing the appropriate legend "CONFIDENTIAL" in a clear, distinctive manner to any document containing Protected Material; or (2) affix in a prominent place the legend "CONFIDENTIAL" to the exterior of any CD, DVD, flash drive, hard drive or any other media containing Protected Material; provided that nothing herein should

be deemed as an admission by any Party that documents produced in this action must be produced in native format; and

(d)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL".

5.3     <u>Inadvertent Failure to Designate</u>  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     <u>Inadvertent Production of Privileged Material</u>  Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product protection, or other applicable protection or privilege during discovery in this matter, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no Party shall be held to have waived any rights by such inadvertent disclosure.  If the Producing Party claims in writing that identified material was inadvertently disclosed, the Receiving Party shall immediately return to counsel for the Producing Party any and all copies of the identified material, and thereafter refrain from any use whatsoever of the identified material.  The

provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by

reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information

disclosed during discovery in this matter.  Nothing herein shall prevent the Receiving Party from

contending that privilege was waived for reasons other than the mere inadvertent production

thereof.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges  Unless a prompt challenge to a Designating Party's

designation under this Order is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a

challenge promptly after the original designation is disclosed.

6.2     Meet and Confer  A Party that elects to initiate a challenge to a Designating

Party's designation under this Order must do so in good faith and must begin the process by

conferring directly with counsel for the Designating Party.  In conferring, the challenging Party

must explain the basis for its belief that the designation was improper and must give the

Designating Party an opportunity to review the designated material, to reconsider the

circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation.  A challenging Party may proceed to the next stage of the challenge process only if

it has engaged in this meet and confer process first.

6.3     Judicial Intervention  A Party that elects to challenge a designation, after

considering the justification offered by the Designating Party, may raise the issue with the Court.

All such challenges shall be made pursuant to Senior District Judge Richard P. Matsch's

discovery procedures. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles   A Receiving Party shall only use Disclosure or Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 11, below. Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of Protected Material   Protected Material and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure), subject to Paragraphs 2.3, 2.4, and 7.3, only to the following persons ("Qualified Persons") according to the terms of this Order:

(a)     Counsel;

(b)     persons regularly employed or associated with Counsel whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the Parties and their employees;

(d)     Experts and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     court reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses;

(h)     Professional Vendors that assist Counsel in the prosecution or defense of this action, such as outside contractors and document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services; and

(i)     other persons by written agreement of the Parties.

7.3     Prior to disclosing any Protected Material to any person listed above (other than Counsel, persons employed by Counsel, the Parties and their employees, Court Personnel, and court reporters and videographers), Counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by Counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing Counsel.

7.4     Protected Material shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material designated in this action as "CONFIDENTIAL," the Receiving Party must immediately notify the Designating Party in writing (by fax or email attachment, if possible) of such subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately

inform in writing the person or entity who caused the subpoena or order to issue in the other

litigation that some or all the material covered by the subpoena or order is the subject of this

Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of

this Order and to afford the Designating Party in this action an opportunity to try to protect its

confidentiality interests in the court from which the subpoena or order issued.  Should the

Designating Party choose to limit such production, the Designating Party shall bear the burden

and the expense of seeking protection in that court of its Protected Material and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to

disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving

Party must immediately:  (a) notify in writing the Designating Party of the unauthorized

disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the

person or persons to whom unauthorized disclosures were made of all the terms of this Order;

and (d) request such person or persons to execute the "Acknowledgment of Protective Order"

that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

All Protected Material, or quotations therefrom, included in papers filed with or

otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to

the Court pursuant to the provisions of Rule 7.2 of the Local Civil Rules for the United States

District Court for the District of Colorado.  Unless the Court denies the request for restricted

filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed

to any person who is not permitted to view such materials pursuant to the terms of this Order.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

days after the final dismissal or other conclusion of this action ("Termination of Action") with

respect to a Producing Party, including but not limited to dismissal with prejudice, each

Receiving Party must return all Protected Material to the Producing Party or destroy such

Protected Material.  The requirement to return or destroy Protected Material applies also to all

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same person or

entity, to the Designating Party) by the sixty (60) day deadline that affirms that all Protected

Material in the Receiving Party's possession or control has been returned or destroyed and that

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

or other forms of reproducing or capturing any of the Protected Material.  All remaining

Protected Material, including Protected Material from non-parties, must be returned or destroyed

within sixty (60) days after the final termination of this action and written certification submitted

to the Producing Party.  Notwithstanding the foregoing requirements of this paragraph, Outside

Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence and attorney work product, even if such materials contain Protected

Material.  For purposes of this Paragraph 11, "work product" shall be limited to documents and

tangible things that:  (i) are prepared in anticipation of litigation or for trial by or for Outside

Counsel or its representative; and (ii) consist of or reflect an attorney's or its representative's

mental impressions, conclusions, opinions, or legal theories concerning the action.  Any such

archival copies that contain or constitute Protected Material remain subject to this Order as set

forth in Paragraph 4.

12.    MISCELLANEOUS

    12.1    Right to Further Relief  Nothing in this Order abridges the right of any person or

entity to seek its modification by the Court in the future.

    12.2    Right to Assert Other Objections  By stipulating to the entry of this Order no

Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order.  Similarly, no Party waives any

right to object on any ground to the use in evidence of any Protected Material.

    12.3    Right to Seek Modification  By stipulating to entry of this Order, no Party waives

the right to later petition the Court for modification of this Order.

    12.4    Right to Request Injunction  Each Party acknowledges that any breach of this

Order may result in immediate and irreparable injury for which there is no adequate remedy at

law.  If any person violates or threatens to violate the terms of this Order, the aggrieved Party

may immediately apply to obtain injunctive relief against any such violation or threatened

violation, and in such a situation any respondent who is subject to the provisions of this Order

may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

    12.5    Ability to Advise Clients  This Order shall not bar Counsel from advising their

clients with respect to this litigation.

IT IS SO ORDERED:

Dated:  August 25th, 2014

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I,_____, declare that:

1.    My address is _____.

2.    The name and address of my present employer is _____

      _____.

3.    My present occupation or job description is _____

      _____

      My present relationship to plaintiff(s)/defendant(s) in the matter of *John J. Rockey v. TransGuard Insurance Company of America, Inc.,* United States District Court for the District of Colorado, 14-cv-00776-RPM, is

      _____
      _____

4.    I have received a copy of the Protective Order in this action.

5.    I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Protected Material received under the protection of the Protective Order.

6.    I further agree to submit to the jurisdiction of the U.S District Court for the District of Colorado and understand that the Court may impose sanctions for any violation of the Protective Order, and that violation of the Protective Order may also provide the basis for civil action.

      I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

      Executed this _____day of _____, 20__, in the State of _____.

                                                        _____

                                                        Signature

14